IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| BARBARA MOORE, | |
| Plaintiff, | |
| v. | Case No. |
| LEGACY BANK & TRUST COMPANY, | |
| *May be served to:* <br> John Everett, President <br> 175 Johnstown Drive <br> Rogersville, MO 65742 | **JURY TRIAL REQUESTED** |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, and for her Petition, states as follows:

### GENERAL ALLEGATIONS

1. Plaintiff is citizen of the state of Missouri and the United States of America.

2. Defendant, Legacy Bank & Trust Company (hereinafter "LBTC"), is doing business in the State of Missouri, regulated by the Division of Finance which may be sued and served through it President, John Everett, 175 Johnstown Drive, Rogersville, MO 65742.

3. Missy Hudson, Brandon Taylor and Gina Hillhouse are all persons directly acting in the interest of Defendant LBTC at all times pertinent to this Petition.

4. Plaintiff was employed as a bookkeeper/data processor.

5. Plaintiff did an excellent job throughout her tenure as an employee of the LBTC.

6. Defendant has engaged in a pattern of eliminating older employees and hiring younger employees.

7. In early 2019, Plaintiff made a report of age discrimination to Defendant.

8. Defendant failed to address, investigate or take action as related to age discrimination.

9. Plaintiff voiced opposition to age discrimination, the failure by defendant to address, investigate or take action as to the occuring age discrimination, the occurrence of age discrimination.

10. On April 19, 2019, plaintiff was terminated.

11. Defendant terminated Plaintiff in retaliation for reporting age discrimination.

12. Plaintiff's opposition to and voicing her concern as to age discrimination was the motivating factor to the decision of retaliation in form of termination.

## COUNT I – AGE DISCRIMINATION

COMES NOW Plaintiff and for Count I, states:

13. Incorporate herein the General Allegations.

14. Plaintiff was an 'employee' within the meaning of Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq.

15. Defendant is an 'employer' within the meaning of Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq.

16. With respect to the unlawful employment practices, a Charge of Discrimination was filed with the Equal Opportunity Commission. Attached hereto **Exhibit A** is a true

and accurate copy of the Charge of Discrimination made part hereof by reference as to the facts set forth therein.

17. With respect to the Charge of Discrimination, Plaintiff was issued a Right to Sue letter by the EEOC, informing her of her right to pursue independent legal action and this action is filed in a timely manner within 90 days of receipt of the Right to Sue. Attached hereto **Exhibit B** is a true and accurate copy of the Right to Sue.

18. Defendants engaged in unlawful employment practices, as set forth herein, against Plaintiff in violation of Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq., in that Plaintiff voiced opposition to inappropriate misconduct towards older employees.

19. Defendant's actions, as set forth herein, were acts of retaliation motivated by plaintiff's protected activities in having reported age discrimination and said retaliatory actions which Defendants knew such actions were unlawful. The actions of Defendant were intentional, willful and calculated toward Plaintiff and constituted willful violations of Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq, including justifying the imposition of punitive damages.

20. Plaintiff has incurred lost wages, suffered physical and mental pain, anguish and distress by Defendant's unlawful practices in violation of Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq.

WHEREFORE, Plaintiff prays the Court:

    A. Adjudge and decree that Defendant discriminated/age against Plaintiff, and that said actions by Defendant were willful violations of the Act;

B. Order Defendant to make Plaintiff whole for the loss of income she has suffered as a result of Defendant's unlawful employment practices, including back pay from the time of the unlawful discrimination, wage increases and reimbursement of any lost fringe benefits, Social Security contributions, front pay, and all other monetary compensation, including prejudgment interest, for injuries and damages suffered by Plaintiff, and for punitive damages;

C. Award Plaintiff attorney's fees, costs and all other relief afforded under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq., and;

D. For all other relief the Court deems just and proper.

## **COUNT II – RETALIATION**

**COMES NOW** Plaintiff and for Count II, states:

21. Incorporate herein the General Allegations.

22. Plaintiff was an 'employee' within the meaning of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq.

23. Defendant is an 'employer' within the meaning of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq.

24. With respect to the unlawful employment practices, a Charge of Discrimination was filed with the Equal Opportunity Commission (as dual filed with the Missouri Commission of Human Rights). Attached hereto **Exhibit A** is a true and accurate copy of the Charge of Discrimination made part hereof by reference as to the facts set forth therein.

25. With respect to the Charge of Discrimination, Plaintiff was issued a Right to Sue letter by the EEOC, informing her of her right to pursue independent legal action and this action is filed in a timely manner within 90 days of receipt of the Right to Sue. Attached hereto **Exhibit B** is a true and accurate copy of the Right to Sue.

26. Defendant engaged in unlawful employment practices, as set forth herein, against Plaintiff in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq. in that Plaintiff voiced opposition to conduct of age discrimination. Such reports were a contributing factor to her termination.

27. Defendant's actions, as set forth herein, were discriminatory, continuous, arbitrary and capricious and Defendants knew such actions were unlawful. The actions of Defendants were intentional, willful and calculated toward Plaintiff and constituted willful violations of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq, justifying the imposition of punitive damages.

28. Plaintiff has been monetarily damaged by Defendant's unlawful practices in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq., and has also suffered physical and mental pain, anguish and distress.

**WHEREFORE**, Plaintiff prays the Court:

A. Adjudge and decree that Defendant retaliated against Plaintiff, and that said actions by Defendant were willful violations of the Act;

B. Order Defendant to make Plaintiff whole for the loss of income she has suffered as a result of Defendant's unlawful employment practices, including back pay from the time of the unlawful discrimination, wage increases and reimbursement of any lost fringe benefits, Social Security contributions, front

pay, and all other monetary compensation, including prejudgment interest, for injuries and damages suffered by Plaintiff, and for punitive damages;

C. Award Plaintiff attorney's fees, costs and all other relief afforded under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq., and;

D. For all other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury.

      /s/Jay Kirksey
      _____
**Jerry M. (Jay) Kirksey**
Missouri Bar No. 38643
Attorney for Plaintiff

**KIRKSEY LAW FIRM, L.L.C.**
711 S. Albany Avenue
Bolivar, Missouri 65613-2619
Telephone 417.326.4529
Facsimile 417.326.8531
jmkirksey@kirkseylawfirm.com